IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **MID CONTINENT CASUALTY COMPANY,** | § § | |
| **Plaintiffs** | § § | |
| v. | § § | Civil Action No. 7:07-CV-121 |
| **HARVEST PETROLEUM, INC.,** | § § § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This action comes before the Court upon Plaintiff's Complaint for Declaratory Judgment ("Complaint"), filed pursuant to Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. Upon review of the Complaint and the parties' relevant filings on the docket, the Court finds that this action should be dismissed without prejudice.

## Background

This action involves an insurance coverage dispute arising out an underlying lawsuit filed in Louisiana state court against Harvest Petroleum by a landowner alleging property damage to land as a result of pollution from drilling activities. Harvest Petroleum tendered a defense from that suit to Mid-Continent, requesting that Mid-Continent defend and indemnify. Compl. at ¶ 6. Plaintiff Mid-Continent's complaint sought a declaration from this Court that it had no obligation to provide a defense to Defendant from claims arising in the underlying lawsuit and that it did not have duty to indemnify Defendant from a potential finding of damages in that same litigation. Compl. at ¶¶ 9, 10.

On December 12, 2007, the parties filed a Joint Motion to Stay Proceedings (Doc. No.

21) wherein they requested a stay of further proceedings in this case "until such time as any dispute between the parties is ripe for determination."  The accompanying Brief in Support of the Joint Motion to Stay Proceedings informed the Court that "the parties are in agreement that the facts as alleged in the current live trial pleading in the underlying lawsuit trigger Mid-Continent's duty to defend Harvest [Petroleum] and Mid-Continent is providing Harvest a defense under a reservation of rights" in the underlying suit.  Doc. No. 21, at 4.  With respect to the duty to indemnify, the parties informed the Court that it "must be determined by facts as proven at trial or uncovered in discovery."  *Id.* at 5.   The parties further conceded that they are "without sufficient facts upon which to resolve the duty to indemnify at issue in this matter."  *Id.*

On March 5, 2009, the parties filed a Joint Status Report informing the Court that the determination of the "duty to indemnify . . . if any, is still not ripe at this time."  Doc. No. 26.  Relying on the parties statements that Mid-Continent is currently defending Harvest, this Court need not make a determination as to the duty to defend.  The issue before the Court is whether a determination on the duty to indemnify is justiciable at this time.

**Legal Standard**

The Declaratory Judgment Act ("The Act") contemplates, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.  The Act requires that federal courts exercise jurisdiction in only those cases where an actual controversy exists between the parties.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000); *Middle*

*South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (noting that there "must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests"); *Standard Fire Insurance Company v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995).  A declaratory judgment action must be ripe in order to be justiciable. *Orix*, 212 F.3d at 896; *see also, Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967) ("Ripeness is a constitutional prerequisite to the exercise of jurisdiction.")

Where no actual controversy exists, the district court lacks subject matter jurisdiction and must dismiss the case. *Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. 1981) (explaining that a federal district court has a "mandatory duty" to dismiss a suit rather than adjudicate the merits of a claim over which it has no jurisdiction).  Federal courts must address jurisdictional questions *sua sponte* even where the parties in a case have not brought the issue to the court's attention. *Kidd v. Sw. Airlines Co.*, 891 F. 2d 540, 546 (5th Cir. 1990).  "A court should cautiously examine whether the facts are sufficiently developed for the court to rule on the merits." *Mutual Assur. v. Wright*, No. 4:98CV91-D-B, 1998 U.S. Dist. LEXIS 15576, *3 (N.D. Miss. 1998).

The Fifth Circuit has set forth the following standard for determining whether a dispute is ripe for consideration:

> "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required."

*Orix*, 212 F.3d at 895, quoting *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583 (5th Cir. 1987) (citations omitted).

**<u>Analysis</u>**

The parties to this action concede that this case is not ripe as it presently stands and the only question before the Court is whether there is a duty to indemnify.  Because a declaratory judgment action to determine the duty to indemnify is "brought prior to a determination" of liability, the question is premature and "not ripe for consideration."  *Mutual Assur.*, 1998 U.S. Dist. LEXIS 15576, *5, quoting *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992).  Further facts must be determined at the underlying trial in order to determine liability.  As such, this case fails to satisfy justiciability requirements and does not present the Court with an actual controversy.  *See Orix*, 212 F.3d at 895*; see also, Quinlan v. Liberty Bank & Trust Co.*, 575 So.2d 336, 348-49 (La.1990) (concluding duty to indemnify in a liability insurance contract arises when liability attaches); *Mossy Motors, Inc. v. Cameras Am.,* 898 So.2d 602, 607 (La. Ct. App.2005) (stating that duty to indemnify issue was premature and non-justiciable when liability had not yet been established in underlying litigation); *see also Nat'l Union Fire Ins. Co. v. St. Bernard Parish Gov't,* 2004 WL 877379, at *2 (E.D.La. Apr.21, 2004) (concluding that duty to indemnify issue in declaratory judgment action was not ripe under Louisiana law when liability had not been established in underlying state court lawsuit). This case is not ripe for adjudication

The Court also considers the "hardship to the parties of withholding court consideration." *Orix*, 212 F.3d at 895.  Based on the status reports filed by parties in this action, the parties have requested that this matter be stayed indefinitely pending the resolution of the underlying state lawsuit.  As such, it does not appear to the Court that they would be subject to immediate hardship.  The only hardship resulting from this Court dismissing the present action, it would seem, would be Mid-Continent's potential worry that Harvest may file another lawsuit requiring

indemnification.  But such a claim would be brought, if at all, only after a determination of liability in the underlying state court action.  Accordingly, the Court fails to find that the threat of a future claim of indemnification presents a hardship to the parties.

## III.  CONCLUSION

For the foregoing reasons, the Court finds that this declaratory judgment action should be dismissed without prejudice for lack of ripeness and therefore as non-justiciable. This Court does not enjoy subject matter jurisdiction over this case.

**SO ORDERED** on this 20th day of August, 2009.

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**